

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

TYRICQWON BURKS, VIRGIL MCQUEEN
and ALLEN HALL                                                PLAINTIFFS

VERSUS                                     NO. 3:18-cv-185-CWR-LRA

CITY OF CARTHAGE a municipality,
OFFICER ADAM WADE, OFFICER
CHASE QUIMBY, CHIEF KENNY MOORE
individually and in their official capacities                  DEFENDANTS

JURY TRIAL DEMANDED

## COMPLAINT

This is a civil action to recover damages under 42 U.S.C. § 1983, as well as under state law claims.

### PARTIES

1.    Plaintiff, Tyricqwon Burks, is an adult resident of the County of Leake, City of Carthage in the State of Mississippi.

2.    Plaintiff, Allen Hall, is an adult resident of the County of Leake, City of Carthage in the State of Mississippi.

3.    Plaintiff, Virgil McQueen, is an adult resident of the County of Leake, City of Carthage in the State of Mississippi.

4.    Defendant, City of Carthage, is a municipal corporation organized under the laws of the State of Mississippi. The City may be served with process by service of a Summons and Complaint upon its City Clerk at 212 W Main St., Carthage, Mississippi.

5.    Defendant, Officer Adam Wade, at the time of the incident and all times relevant

hereto, was employed by the Carthage Police Department.

6. Defendant, Officer Chase Quimby, at the time of the incident and all times relevant hereto, was employed by the Carthage Police Department.

7. Defendant, Chief Kenny Moore, at the time of the incident and all times relevant hereto, was employed by the Carthage Police Department.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. §1331 and §1343 as claims contained herein are derived from 42 U.S.C. §1983.

9. This Court has supplemental jurisdiction over Plaintiffs' state claims against Defendants for common law violations pursuant to 28 U.S.C. §1367 as the common law claims are part of the same case or controversy.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## COMMON FACTS

11. On or about March 25, 2017, Plaintiff Tyricqwon Burks (hereinafter "Burks" or "Plaintiff Burks") was operating a motor vehicle heading East on Highway 16 in Carthage, Mississippi. He had two passengers, Plaintiff Virgil McQueen (hereinafter "McQueen" or "Plaintiff McQueen") and Plaintiff Allen Hall (hereinafter "Hall" or "Plaintiff Hall"). Burks approached a police checkpoint being operated by the Carthage Police Department, and stopped his vehicle and complied with requests to produce identification and insurance information.

12. At some point during the interaction between Burks and Defendant Officer Adam Wade, Burks attempted to drive away from the check point after being asked to step out of his

vehicle.[1] Defendant Officers Adam Wade and Chase Quimby pulled their service weapons and fired at least two rounds towards the Plaintiffs as they drove away from the check point. Neither Burks, Hall, or McQueen were armed and they were posing no immediate threat of death or serious bodily harm when the officers began firing at Burks' car.

13. Burks' tire blew out at some point a few miles away from the road block and he pulled over and waited for the officers to arrive. When officers arrived some 30 seconds later, he offered no resistance and appeared with his hands up ready to fully comply and surrender. At that point, the officers involved in this matter used excessive force on all three Plaintiffs, including striking, elbowing, and choking them while handcuffed.

14. Based on Wade and Quimby's intentionally false statements about what had transpired, Burks was charged with DUI First, Failure to Comply, Speeding, Resisting Arrest, Aggravated Assault on a Police Officer, and Felony Fleeing. Plaintiffs McQueen and Hall were taken into custody and although they were not charged with any crimes, officers involved would not release them until they submitted written statements of what happened. No drugs, weapons, or other contraband was found in Burks' automobile or on the person of any of the Plaintiffs.

15. Based on conspiratorial efforts of the officers involved to illegally charge Mr. Burks with felonies for which no probable cause existed, Burks' felony bond was set at $100,000.00 and subsequently reduced to $60,000.00 through Carthage Municipal Court.[2]

---

[1] Burks had an interaction with Officer Wade approximately 4 years prior wherein Officer Wade used his taser on Burks after Burks had been placed in handcuffs. Further, the Carthage Police Department has had numerous complaints regarding certain officers' use of excessive force and abusive tactics against black individuals.

[2] Burks' bond for the misdemeanors was $2907.50 and he would have been able to post this bond but for the felonies which were charged.

Burks, unable to afford this excessive bail, remained incarcerated for approximately three months. During this period of incarceration, Burks was attacked by fellow inmates, lost his job, his car, and suffered other financial hardship. In addition, following the arrest, one or more officers contacted Burks' lien holder on his car and made representations that caused immediate repossession of same, which caused additional financial loss.

16. Burks, through counsel, subsequently filed a Writ of Habeas Corpus in Leake County Circuit Court to have his excessive bail reviewed by a higher court and the day after it was filed and served, Burks was released on his own recognizance.

17. Although Burks was physically injured by officers due to their excessive use of force, and was visibly bleeding from his face, Burks was never offered any medical treatment.

18. As alluded to above, the Carthage Police Department has had numerous complaints of disparate treatment towards black individuals. Neither the Defendant Chief Kenny Moore nor any other person of authority has taken any remedial action with respect to such treatment, or any such remedial action has been wholly inadequate and ineffective.[3]

19. As a direct and proximate result of Defendants' action and/or inactions, Plaintiff Burks suffered injury and damages, including but not limited to some or all of the following:

    a. physical pain and suffering;

    b. mental anguish;

    c. fright and shock;

---

[3] Illustrative of this point, the only punitive action taken against Officers Wade and Quimby was a single day suspension with pay, based on information and belief. This single day suspension was given for two officers who fired at unarmed, fleeing suspects, and who clearly used excessive force during the apprehension of these suspects.

      d.    embarrassment, humiliation, mortification;

      e.    lost wages and other economic damages;

      f.    loss of freedom and enjoyment of life; and

      g.    past, present and future medical expenses.

20. As a direct and proximate result of Defendants' action and/or inactions, Plaintiff Hall suffered injury and damages, including but not limited to some or all of the following:

      a.    physical pain and suffering;

      b.    mental anguish;

      c.    fright and shock;

      d.    embarrassment, humiliation, mortification;

      e.    lost wages and other economic damages;

      f.    loss of freedom and enjoyment of life; and

      g.    past, present and future medical expenses.

21. As a direct and proximate result of Defendants' action and/or inactions, Plaintiff McQueen suffered injury and damages, including but not limited to some or all of the following:

      a.    physical pain and suffering;

      b.    mental anguish;

      c.    fright and shock;

      d.    embarrassment, humiliation, mortification;

      e.    lost wages and other economic damages;

      f.    loss of freedom and enjoyment of life; and

      g.    past, present and future medical expenses.

## COUNT I
## VIOLATION OF 42 USC 1983
### (General allegations)

22. Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

23. As a result of Defendants' actions, Defendants violated or deprived Plaintiffs of constitutionally protected rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

24. Specifically, Defendants violated Plaintiffs constitutionally protected rights by unjustifiably firing their service weapons at them, using excessive force both before and after Plaintiffs were in handcuffs, violently choking them, aggressively pulling Burks from his vehicle while he was in a submissive posture and violently throwing him to the ground, preventing Hall and McQueen from leaving until they submitted written statements although they were not under arrest, charging Burks with felonies for which there was no probable cause, causing Burks' vehicle to be repossessed, other violations to be shown at the trial of this matter.

25. The actions taken by Defendants in violating Plaintiffs' federally protected rights were taken under the color of Mississippi law, as at all times relevant to this action, the actions taken by Defendant officers were related to their employment as police officers.

26. As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages and are entitled to relief pursuant to 42 USC § 1983.

27. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate to the wrongful acts alleged herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants, and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages, nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## COUNT II
## VIOLATION OF 42 USC 1983
### (Failure to implement appropriate policies, training, customs and practices)

28. Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

29. Defendant City of Carthage's police training program was inadequate to train its officers to carry out their duties.

30. Defendant City of Carthage, by and through police chief Kenny Moore, implicitly or explicitly, adopted and implemented careless and reckless policies, customs, or practices that included, among other things, firing at suspects who are fleeing and who pose no immediate threat, using excessive force, making false allegations against suspects, treating black suspects differently than white suspects, all without lawful justification.

31. Defendant City of Carthage's conduct described herein amounts to deliberate indifference to the Plaintiffs federally protected rights, privileges, and/or immunities.

32. The actions taken by Defendants in violating Plaintiffs' federally protected rights were taken under the color of Mississippi law, as at all times relevant to this action, the actions taken by Defendant officers were related to their employment as police officers.

33.     As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages and are entitled to relief pursuant to 42 USC § 1983.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants, and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages, nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## COUNT III
## VIOLATION OF 42 USC 1983
### (Excessive Force)

34.     Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

35.     Defendants City of Carthage and Kenny Moore have adopted policies, procedures, practices or customs within the City of Carthage Police Department that allows, among other things, the use of excessive force, unlawful detention, and unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

36.     Defendants Quimby and Wade, under color of state law, used excessive force and violated Plaintiffs rights, by firing their service weapons at them as they were driving away from the check point at issue, unnecessarily and violently choking them, aggressively pulling Burks from his vehicle while he was in a submissive posture and violently throwing him to the ground, and other acts to be shown at trial.

37.     The actions taken by Defendants in violating Plaintiffs' federally protected rights

were taken under the color of Mississippi law, as at all times relevant to this action, the actions taken by Defendant officers were related to their employment as police officers.

38. As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages and are entitled to relief pursuant to 42 USC § 1983.

39. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate to the wrongful acts alleged herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants, and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages, nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## COUNT IV
## VIOLATION OF 42 USC 1983
### (Failure to Intervene)

40. Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

41. Defendants City of Carthage, by and through officers involved in the incident at issue, failed to intervene to prevent the excessive use of force herein described.

42. By failing to intervene, Defendants deprived Plaintiffs of rights afforded them under the Fourth, Fifth, and Fourteenth Amendments.

43. As a direct and proximate result of Defendants' actions, Plaintiffs suffered

damages and are entitled to relief pursuant to 42 USC § 1983.

44.     The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate to the wrongful acts alleged herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants, and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages, nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## COUNT V
## VIOLATION OF 42 USC 1983
### (Charging Burks with felonies for which no probable cause existed)

45.     Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

46.     Defendants City of Carthage, Officer Adam Wade, Officer Chase Quimby, Police Chief Kenny Moore, and/or other officers involved, charged Plaintiff Burks with felonies for which no probable cause existed.

47.     As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages and are entitled to relief pursuant to 42 USC § 1983.

48.     The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate to the wrongful acts alleged herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants, and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages, nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## COUNT VI
## VIOLATION OF 42 USC 1983
### (unlawful detention of Hall and McQueen)

49. Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

50. Defendants City of Carthage, Officer Adam Wade, Officer Chase Quimby, Police Chief Kenny Moore, and/or other officers involved, detained Plaintiffs McQueen and Hall and would not release them until they submitted written statements.

51. As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages and are entitled to relief pursuant to 42 USC § 1983.

52. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate to the wrongful acts alleged herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants, and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages,

nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## COUNT VII
## MISSISSIPPI COMMON LAW
### (Assault and Battery)

53. Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

54. Defendants City of Carthage, Officer Adam Wade, Officer Chase Quimby, Police Chief Kenny Moore, and/or other officers involved, intentionally placed Plaintiffs in fear of imminent harmful or offensive contact.

55. Defendants City of Carthage, Officer Adam Wade, Officer Chase Quimby, Police Chief Kenny Moore, and/or other officers involved, caused unpermitted harmful or offensive contact to Plaintiffs when Plaintiffs were violently choked, thrown to the ground, and other acts committed in the premises.

56. As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages.

57. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate to the wrongful acts alleged herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants, and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages,

nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## COUNT VIII
## MISSISSIPPI COMMON LAW
### (False Imprisonment)

58. Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

59. Defendants City of Carthage, Officer Adam Wade, Officer Chase Quimby, Police Chief Kenny Moore, and/or other officers involved, used actual physical force and/or threats of force to confine Plaintiffs without legal justification.

60. Plaintiffs Hall and McQueen were never placed under arrest and no probable cause existed to so arrest them; however, Hall and McQueen were not allowed to leave detention until they submitted written statements. At all times relevant hereto, Hall and McQueen were conscious and were detained against their will.

61. As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages.

62. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate to the wrongful acts alleged herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants, and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages,

nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## COUNT IX
## MISSISSIPPI COMMON LAW
### (Civil Conspiracy/Abuse of Legal Process/Malicious Prosecution)

63.     Plaintiffs incorporate by reference the preceding paragraphs as through set forth fully herein.

64.     Defendants City of Carthage, Officer Adam Wade, Officer Chase Quimby, Police Chief Kenny Moore, and/or other officers involved, entered into a scheme or conspiracy to have Plaintiff Burks charged with felonies for which no probable cause existed so as to ensure that he remained in custody.

65.     Burks was charged with felony aggravated assault on a police officer and felony fleeing. Defendants knew or should have known that no such crimes were committed yet they conspired to have Burks unlawfully charged with said crimes. Burks was in fact charged with said offenses and the legal process wrongfully invoked to deprive Burks of his freedom and/or to prevent him from posting bond and/or for other malicious and unlawful reasons.

66.     As a direct and proximate result of Defendants' actions, Plaintiffs suffered damages.

67.     The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such nature that punitive damages should be imposed in an amount commensurate to the wrongful acts alleged herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, individually, jointly and/or severally, request that this Honorable Court enter a judgment in their favor against Defendants,

and award an amount to which each Plaintiff is individually entitled based on the facts as they apply to each Plaintiff, including, but not limited to, compensatory damages, punitive damages, nominal damages, as well as costs, interest, and attorney fees, and award any other relief that this Honorable Court determines just and equitable.

## RELIANCE ON REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiffs, by and through their attorney, James H. Murphy, of Murphy Law Firm, PLLC, and hereby rely on their request for a trial by jury.

Date: 3/26/18

Respectfully submitted,
Murphy Law Firm, PLLC

/s/ James H. Murphy
James H. Murphy (MSB# 102223)

Murphy Law Firm, PLLC
119 N Pearl Street
PO Box 1338
Carthage, MS 39051
Ph: 601.267.0200  Fax:601.292.7160
jmurphy@murphyjustice.com