IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TYRICQWON BURKS, VIRGIL MCQUEEN,
AND ALLEN HALL                                                                                    PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 3:18-cv-185-CWR-LRA

CITY OF CARTHAGE, ET AL.                                                                      DEFENDANTS

## ANSWER AND DEFENSES OF DEFENDANTS
## OFFICER ADAM WADE AND OFFICER CHASE QUIMBY

COME NOW Defendants Officer Adam Wade and Officer Chase Quimby, in their individual and official capacities, by and through counsel, and respond to the Plaintiffs' Complaint against them, as follows:

## FIRST DEFENSE

The Complaint filed herein against these Defendants fails to state a claim upon which relief may be granted against them and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. These Defendants further raise all other defenses available to them pursuant to Rule 12(b)(1) through (7) of the Federal Rules of Civil Procedure and move to dismiss thereto as applicable.

## SECOND DEFENSE

With respect to any state law claims asserted against these Defendants in Plaintiffs' Complaint, these Defendants invoke the provisions of MISS. CODE ANN. § 11-46-1, *et seq.*, referred to as the Mississippi Tort Claims Act, and all the privileges, defenses and immunities afforded them therein. Such protections under the MTCA include, but are not limited to, provision of a bench trial for all claims governed by the MTCA, limitations on compensatory damages, and the prohibition of punitive damages. Defendants also assert immunity under MISS. CODE ANN. §§ 11-46-9(1)(c), -(d),

and -(m), and any other provision of the MTCA which provides them with immunity from suit or liability. Defendants also invoke the notice requirements set forth in MISS. CODE ANN. § 11-46-11 and aver that Plaintiffs' Complaint should be dismissed to the extent Plaintiffs failed to comply therewith.

### THIRD DEFENSE

### ANSWER

Without waiving the right to be heard on the foregoing defenses, these Defendants respond to the Plaintiffs' Complaint against them, paragraph by paragraph, as follows:

PARTIES

1. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint, and, therefore, the same are denied.

2. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint, and, therefore, the same are denied.

3. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint, and, therefore, the same are denied.

4. The allegations contained in Paragraph 4 of Plaintiffs' Complaint are not directed to these Defendants, and no response from these Defendants is required.

5. Admitted.

6. Admitted.

7. The allegations contained in Paragraph 7 of Plaintiffs' Complaint are not directed to these Defendants, and no response from these Defendants is required.

JURISDICTION AND VENUE

8. It is admitted that this Court has jurisdiction of the constitutional claims asserted against them in this case. The remaining allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied as stated.

9. The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied as stated.

10. Admitted.

COMMON FACTS

11. The allegations contained in Paragraph 11 of Plaintiffs' Complaint are admitted.

12. It is admitted that Plaintiff Burks fled the scene of a police checkpoint after officers repeatedly asked Burks to step out of his vehicle. The remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint, including the allegations contained in Footnote 1, are denied.

13. It is admitted that Plaintiff Burks' left rear tire blew out while he was attempting to flee police officers. The remaining allegations contained in Paragraph 13 of Plaintiffs' Complaint are denied.

14. The allegations contained in Paragraph 14 of Plaintiffs' Complaint are denied.

15. The allegations contained in Paragraph 15 of Plaintiffs' Complaint are denied.

16. These Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 16 of Plaintiffs' Complaint and, therefore, the same are denied.

17. The allegations contained in Paragraph 17 of Plaintiffs' Complaint are denied.

18. The allegations contained in Paragraph 18 of Plaintiffs' Complaint, including the allegations contained in Footnote 3, are denied.

19. The allegations contained in Paragraph 19 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (g), are denied.

20. The allegations contained in Paragraph 20 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (g), are denied.

21. The allegations contained in Paragraph 21 of Plaintiffs' Complaint, including the allegations contained in subparagraphs (a) through (g), are denied.

## COUNT I
## VIOLATION OF 42 USC 1983
(General allegations)

22. These Defendants incorporate their responses to Paragraphs 1 through 21 of Plaintiffs' Complaint as if fully set forth herein.

23. The allegations contained in Paragraph 23 of Plaintiffs' Complaint are denied.

24. The allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied.

25. These Defendants admit that at all relevant times, they were acting within the course and scope of their duties as police officers for the City of Carthage. The remaining allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied.

26. The allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied.

27. The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT I" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs

are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

## COUNT II
## VIOLATION OF 42 USC 1983
(Failure to implement appropriate policies, training, customs and practices)

28. These Defendants incorporate their responses to Paragraphs 1 through 27 of Plaintiffs' Complaint as if fully set forth herein.

29. The allegations contained in Paragraph 29 of Plaintiffs' Complaint appear to be directed to another Defendant, and no response from these Defendants is required. To the extent a response to these allegations is required from these Defendants, the same are denied.

30. The allegations contained in Paragraph 30 of Plaintiffs' Complaint appear to be directed to another Defendant, and no response from these Defendants is required. To the extent a response to these allegations is required from these Defendants, the same are denied.

31. The allegations contained in Paragraph 31 of Plaintiffs' Complaint appear to be directed to another Defendant, and no response from these Defendants is required. To the extent a response to these allegations is required from these Defendants, the same are denied.

32. The allegations contained in Paragraph 32 of Plaintiffs' Complaint are denied.

33. The allegations contained in Paragraph 33 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT II" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

## COUNT III
## VIOLATION OF 42 USC 1983
### (Excessive Force)

34. Defendants incorporate their responses to Paragraphs 1 through 33 of Plaintiffs' Complaint as if fully set forth herein.

35. The allegations contained in Paragraph 35 of Plaintiffs' Complaint appear to be directed to another Defendant, and no response from these Defendants is required. To the extent a response to these allegations is required from these Defendants, the same are denied.

36. The allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied.

37. The allegations contained in Paragraph 37 of Plaintiffs' Complaint are denied.

38. The allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied.

39. The allegations contained in Paragraph 39 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT III" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

## COUNT IV
## VIOLATION OF 42 USC 1983
### (Failure to Intervene)

40. Defendants incorporate their responses to Paragraphs 1 through 39 of Plaintiffs' Complaint as if fully set forth herein.

41. The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied.

42. The allegations contained in Paragraph 42 of Plaintiffs' Complaint are denied.

43. The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied.

44. The allegations contained in Paragraph 44 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT IV" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

COUNT V
VIOLATION OF 42 USC 1983
(Charging Burks with felonies for which no probable cause existed)

45. Defendants incorporate their responses to Paragraphs 1 through 44 of Plaintiffs' Complaint as if fully set forth herein.

46. The allegations contained in Paragraph 46 of Plaintiffs' Complaint are denied.

47. The allegations contained in Paragraph 47 of Plaintiffs' Complaint are denied.

48. The allegations contained in Paragraph 48 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT V" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

COUNT VI
VIOLATION OF 42 USC 1983
(Unlawful detention of Hall and McQueen)

49. Defendants incorporate their responses to Paragraphs 1 through 48 of Plaintiffs' Complaint as if fully set forth herein.

50. The allegations contained in Paragraph 50 of Plaintiffs' Complaint are denied.

51. The allegations contained in Paragraph 51 of Plaintiffs' Complaint are denied.

52. The allegations contained in Paragraph 52 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT VI" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

## COUNT VII
## MISSISSIPPI COMMON LAW
### (Assault and Battery)

53. Defendants incorporate their responses to Paragraphs 1 through 52 of Plaintiffs' Complaint as if fully set forth herein.

54. The allegations contained in Paragraph 54 of Plaintiffs' Complaint are denied.

55. The allegations contained in Paragraphs 55 of Plaintiffs' Complaint are denied.

56. The allegations contained in Paragraphs 56 of Plaintiffs' Complaint are denied.

57. The allegations contained in Paragraphs 57 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT VII" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

## COUNT VIII
## MISSISSIPPI COMMON LAW
### (False Imprisonment)

58. Defendants incorporate their responses to Paragraphs 1 through 57 of Plaintiffs' Complaint as if fully set forth herein.

59. The allegations contained in Paragraph 59 of Plaintiffs' Complaint are denied.

60. The allegations contained in Paragraph 60 of Plaintiffs' Complaint are denied.

61. The allegations contained in Paragraphs 61 of Plaintiffs' Complaint are denied.

62. The allegations contained in Paragraphs 62 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT VIII" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

## COUNT IX
## MISSISSIPPI COMMON LAW
(Civil Conspiracy/Abuse of Legal Process/Malicious Prosecution)

63. Defendants incorporate their responses to Paragraphs 1 through 62 of Plaintiffs' Complaint as if fully set forth herein.

64. The allegations contained in Paragraph 64 of Plaintiffs' Complaint are denied.

65. It is admitted that Plaintiff Burks was charged with felony aggravated assault on a police officer and felony fleeing, as well as other crimes for which there also was probable cause. The remaining allegations contained in Paragraph 65 of Plaintiffs' Complaint are denied.

66. The allegations contained in Paragraph 66 of Plaintiffs' Complaint are denied.

67. The allegations contained in Paragraph 67 of Plaintiffs' Complaint are denied.

In response to the last unnumbered paragraph in the section of Plaintiffs' Complaint titled "COUNT IX" and beginning with the word "WHEREFORE," these Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever from these Defendants, and these Defendants deny all liability in the premises.

## RELIANCE ON REQUEST FOR TRIAL BY JURY

The allegations contained in the section of Plaintiffs' Complaint titled "Reliance on Request for Trial by Jury" do not require a response from these Defendants. To the extent these allegations require a response from these Defendants, they are denied, and these Defendants deny that Plaintiffs are entitled to a trial by jury on some or all of the claims asserted against them.

**FOURTH DEFENSE**

AND NOW, having responded to the allegations of the Plaintiffs' Complaint, and having denied all liability in the premises, these Defendants would show unto the Court the following special and affirmative matters:

**FIRST AFFIRMATIVE DEFENSE**

Defendants deny each and every allegation in the Complaint by which the Plaintiffs seek to impose liability upon them.

**SECOND AFFIRMATIVE DEFENSE**

At all times, these Defendants provided the Plaintiffs with care, custody, and security which was, at a minimum, adequate under the standards of the Constitution of the United States, including the Fourth Amendment and Fourteenth Amendment, as well as the Constitution and Laws of the State of Mississippi.

**THIRD AFFIRMATIVE DEFENSE**

Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, and without any intent to cause harm, and these Defendants are not guilty of any tortious conduct or omission. The actions taken by these Defendants were taken in good faith and in good faith reliance upon then-existing law.

### FOURTH AFFIRMATIVE DEFENSE

No constitutional rights, liberties, or privileges were violated by these Defendants in any way. All applicable guidelines, rules, and policies were followed and complied with.

### FIFTH AFFIRMATIVE DEFENSE

These Defendants would affirmatively show that the sole proximate cause of the alleged damages and injuries of the Plaintiffs, if any, were the actions of one or more of the Plaintiffs. Alternatively, the Plaintiffs' own actions or omissions were a proximate contributing cause which must be dealt with according to the Mississippi Law of Comparative Negligence.

### SIXTH AFFIRMATIVE DEFENSE

These Defendants would affirmatively show that Plaintiffs' injuries, if any, were caused by the acts or omissions of others for whom these Defendants have no liability or responsibility and specifically plead § 85-5-7 of the Mississippi Code of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity or absolute immunity from suit and/or liability herein. Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actors under federal and state law.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants would show that the factual allegations of Plaintiffs' Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law.

### NINTH AFFIRMATIVE DEFENSE

At all times complained of, these Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, these Defendants' conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983 and/or § 1988, Plaintiffs' Complaint fails to state a claim upon which relief can be granted against these Defendants and should be dismissed with prejudice.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants possess immunity from Plaintiffs' claims against them and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. Defendants invoke and assert all rights, privileges and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs suffered no loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

## THIRTEENTH AFFIRMATIVE DEFENSE

These Defendants cannot be held liable under 42 U.S.C. § 1983 under the theory of *respondeat superior*.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against these Defendants in their official capacities are duplicative of their claims against the City of Carthage and are redundant and should be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants invoke and assert all protections, defenses and limitations and caps set forth in the Mississippi Tort Claims Act and the Mississippi Tort Reform Act, as codified in the Mississippi Code at § 11-46-1, *et seq.*, and § 11-1-60.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to provide Defendants with proper notice of their state law claims as required by MISS. CODE ANN. § 11-46-11; as such, Plaintiffs' state law claims asserted against these Defendants may be barred in whole or in part.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Complaint purports to state a cause of action against Defendants based upon any state law theory, Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1, *et seq.*, by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law, including but not limited to the immunity afforded Defendants under MISS. CODE ANN. § 11-46-9(1)(c), -(d), and -(m).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have no right to trial by jury on any state law claims against these Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any injury as a result of the acts or omissions of these Defendants, the same was *de minimus* and Plaintiffs' claims must be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have a duty to use reasonable care to mitigate their damages, and any damages that could have been mitigated by the use of reasonable care, and were not, are not recoverable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs may have suffered from pre-existing conditions not caused or contributed to by the alleged acts or omissions of these Defendants, and such damages are not recoverable herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Punitive damages are not cognizable against these Defendants under Section 1983, the Mississippi Tort Claims Act, or any other federal or state law. These Defendants further invoke the safeguards of the equal protection and due process clauses of the United States Constitution, Article Three, Section Fourteen, of the Mississippi Constitution, the provisions of MISS. CODE ANN. § 11-1-65, § 11-46-15(2), and the Rooker-Feldman doctrine as a bar to recovery of punitive damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

These Defendants incorporate by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the due process clause, excessive fines, and the standards are not clear and, therefore, the imposition of punitive damages against these Defendants is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiffs and the imposition thereof

would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

These Defendants at all times complied with all applicable standards of care.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

All force used by these Defendants was objectively reasonable under the circumstances and was not excessive to the need.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations, including but not limited to, the one year statute of limitations pursuant to MISS. CODE ANN. § 15-1-35, entitled "Actions for Certain Torts," and/or § 11-46-11.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants plead credit or set off for any amounts paid to the Plaintiffs with regard to their claims.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

All necessary parties needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure may not be joined.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to amend their answer and defenses and plead any additional defenses which may become apparent following the completion of additional discovery and/or other investigation.

WHEREFORE, PREMISES CONSIDERED, Defendants Adam Wade and Chase Quimby deny that Plaintiffs are entitled to any relief whatsoever, and they respectfully request that Plaintiffs' Complaint and this civil action against them be dismissed with prejudice, with all costs assessed against Plaintiffs, together with such other relief as this Court deems proper.

Respectfully submitted, this 2nd day of May, 2018.

        OFFICER ADAM WADE AND OFFICER
        CHASE QUIMBY, DEFENDANTS

        BY: /s/ *Steven J. Griffin*
            OF COUNSEL

ROBERT S. ADDISON - BAR # 1152
raddison@danielcoker.com
STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL, COKER, HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

James H. Murphy, Esq.
jmurphy@murphyjustice.com

*Attorney for Plaintiffs*

G. Todd Butler, Esq.
butlert@phelps.com

Nicholas F. Morisani, Esq.
nick.morisani@phelps.com

*Attorneys for Defendants City of Carthage and Chief Kenny Moore*

This the 2nd day of May, 2018.

/s/ *Steven J. Griffin*